UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
AT COVINGTON

CRIMINAL NO. 03-74-JBC

UNITED STATES OF AMERICA                                              PLAINTIFF

VS.

FRANKLIN DAVIS                                                        DEFENDANT

REPORT AND RECOMMENDATION

On May 4, 2006 this matter came on for an evidentiary hearing on petition of the United States Probation Office that the defendant, FRANKLIN DAVIS, show cause why his supervised release should not be revoked. The defendant was present in Court and represented by Frank Mungo and the United States was present through Assistant United States Attorney, Laura Voorhees. The proceedings were recorded by official court reporter Tina Wesley and conducted pursuant to 18 U.S.C. § 3401(I). Oral argument was presented by counsel and the defendant admitted in open court violating the terms of his supervised release as described in the April 17, 2006 violation report of U.S.P.O. Robert C. Frommeyer,Jr.

After being convicted of Conspiracy to Possess with Intent to Distribute Marijuana, the defendant was sentenced on June 1, 2004 to six (6) months incarceration followed by a three (3) year term of supervised release. As special conditions of supervised release, the defendant was ordered to participate in a substance abuse treatment program, submit to periodic drug and alcohol testing, refrain from the use of alcohol, and participate in mental health treatment including anger management at the

direction of the probation officer. Davis began his supervised release on October 22, 2004 and now stands charged with the following violations:

**VIOLATION #1: Standard Condition of supervised release - You shall report to the Probation Officer as directed by the Court or Probation Officer, and shall submit a truthful and complete written report within the first five days of each month.**

Davis has failed to report to his probation officer since November 9, 2005 despite telephone calls made, letters sent, and home visits conducted without response from Davis with the exception of one voice mail he left on a call made after regular business hours. The defendant also failed to submit his monthly supervision reports for November and December, 2005 and January, February, and March 2006.

**VIOLATION #2: Standard condition of supervised release - You shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician.**

On December 6, 2004, April 25, October 7, October 19, and November 9, 2005 the defendant submitted urine specimens which were positive for cocaine.

**VIOLATION #3: Special condition of supervised release - The defendant shall participate in a substance abuse treatment program and shall submit to periodic drug and alcohol testing at the discretion of the Probation Officer during the term of supervision.**

Davis was placed on the random color code urinalysis program operated by the Probation Office, and he failed to comply with drug testing on October 26, November 16, December 2, December 5, December 27 and December 28, 2005; January 5, January 13, January 17, January 27, and February 3, 2006. He was referred to the Crossroads Center in Cincinnati for substance abuse treatment and was terminated from the program for non-attendance in January 2006.

**VIOLATION #4: Special condition of supervised release modified on November 23, 2005 -The supervised releasee shall reside in a halfway house facility for a period of four months. While in the program, the supervised releasee shall abide by all of the program's rules and regulations, and be cooperative and compliant with the program's staff.**

Davis had agreed to the modification of his supervised release whereby he would reside in a halfway house facility for four months. After the modification order was entered, U.S.P.O. Frommeyer made a number of efforts to contact Davis in order to implement the halfway house modification, but the defendant failed to make himself available despite knowing that the modification was issued.

The parties announced a sentencing agreement for the above violations, and the Court being satisfied from dialogue with the defendant that he clearly understands the nature of the charges against him, enters into this agreement voluntarily, and has had ample time to discuss the pending charges and disposition with counsel, accordingly;

**IT IS RECOMMENDED:**

1. That the defendant be found to have violated the terms of his supervised release as set out above;

2. That the defendant, FRANKLIN DAVIS, be sentenced to the custody of the Attorney General for a period of **TWO (2) YEARS** with no supervised release to follow.

Particularized objections to this Report and Recommendation must be filed within ten (10) days of the date of service of the same or further appeal is waived. Thomas v. Arn, 728 F.2d 813 (6th Cir. 1984), aff'd, 474 U.S. 140 (1985); Wright v. Holbrook, 794 F.2d 1152, 1154-55) (6th Cir. 1986). **If the defendant wishes to address the District Court prior to sentencing, the defendant must so notify the Court in writing within ten (10) days.** A party may file a response to another party's objections within ten (10) days after being served with a copy thereof. Rule 72(b), Fed.R.Civ.P.

This 5th day of May, 2006.



Signed By:
**J. Gregory Wehrman**
**United States Magistrate Judge**